RALPH E. BARKER vs. INHABITANTS OF FAIRHAVEN.

Bristol.    November 7, 1928. — November 28, 1928.

Present: CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, On ships and vessels.    *Yacht.    Words*, "Ship," "Vessel."

A motor pleasure yacht, seventy-one feet in length and of twenty-two tons burden and belonging to a resident of this Commonwealth, is a "ship" or "vessel" within the provisions of G. L. c. 59, § 18, and, under that statute, should be taxed to its owner in the town where he is an inhabitant on April 1, rather than in the town where it is found on April 1.

CONTRACT, to recover a tax paid under protest by the plaintiff.    Writ dated January 30, 1928.

In the Superior Court, the parties filed an agreed statement of facts, material portions of which are stated in the opinion.    Under G. L. c. 231, § 111, the action was reported without decision by *Williams*, J., for determination by this court.

The case was submitted on briefs.

*A. Fuller*, for the plaintiff.

*O. S. Cook & M. R. Brownell*, for the defendant.

CROSBY, J.    This is an action of contract to recover a tax assessed in the year 1927, by the assessors of the Town of Fairhaven, on a pleasure yacht owned by the plaintiff.    The case is before this court upon a report from a judge of the Superior Court without any decision thereon, under G. L. c. 231, § 111.    The report contains the pleadings and an agreed statement of facts.

It appears from the agreed statement of facts that the plaintiff is a resident of Taunton in this Commonwealth where he has always resided; that he owned a pleasure yacht, which had been stored in Fairhaven during the winter of 1926–1927 and was still there on April 1, 1927; that the assessors of Fairhaven assessed to the plaintiff the yacht,

placing a valuation on it of $5,000, and a tax of $175 for the year 1927; and that the tax was paid by the plaintiff under protest. The yacht is described in the agreed statement of facts as "a motor pleasure yacht, seventy-one feet in length and of twenty-two tons burden."

Ships and vessels are taxable personal estate under G. L. c. 59, § 4, First. *Lapham* v. *Tax Commissioner,* 244 Mass. 40, 44. It is provided by § 18 of that chapter that "All taxable personal estate within or without the Commonwealth shall be assessed to the owner in the town where he is an inhabitant on April first, except as provided in chapter sixty-three and in the following clauses of this section: First, All tangible personal property, including that of persons not inhabitants of the Commonwealth, except ships and vessels, shall, unless exempted by section five, be taxed to the owner in the town where it is situated on April first." The question is presented whether the plaintiff's yacht is a ship or vessel within the meaning of G. L. c. 59, § 18, First.

A ship is defined in general as any vessel intended or used for navigation, but not of the kind propelled by oars, paddles or the like. A vessel is defined as a craft for navigation on the water and larger than a common row boat. A yacht is defined as a vessel larger than a row boat used for private pleasure, and for certain other purposes. Without attempting to define with greater exactness the words "ships and vessels," as used in the tax statutes, we are of opinion that the plaintiff's yacht comes within their scope. It is without doubt a "vessel" within the meaning of that term in § 18. This section of the statute governs the case at bar. Obviously it was the intention of the Legislature under § 18 that taxable personal property should be assessed to the owner in the town where he is an inhabitant, on April 1, except as thereafter provided in the same section, and that under clause "First" of the section all tangible personal property except ships and vessels should be taxed to the owner in the town where it is situated on April 1. The exception relating to ships and vessels makes it plain that they are to be assessed to the owner in the town where he is an inhabitant on April 1.

The cases cited by the defendant are not applicable to the facts in the case at bar.

Judgment is to be entered for the plaintiff in the sum of $175, with interest from October 31, 1927.

*So ordered.*