MELVIN F. MCFARLAND, COLL. *vs*. RALPH E. MASON.

Hancock.      Opinion, July 17, 1939.

*Blaisdell & Blaisdell*, for plaintiff.
*Ralph E. Mason*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    This is an action of debt brought by the collector of taxes of the City of Ellsworth to recover taxes assessed against the defendant, an inhabitant of Ellsworth, on certain personal property for the years 1935 and 1936. It is before this Court on report. The only matter in controversy is the assessment on a boat owned by the defendant.

The defendant was the owner of a private yacht not rebuilt, nor repaired as such terms are defined in R. S. 1930, Chap. 13, Sec. 30. This boat was thirty-three years old and of a gross tonnage of twenty-one tons and was enrolled under the laws of the United

States. It was propelled by sails but had an auxiliary gasoline motor which was used occasionally. It was assessed as the property of the defendant in the sum of $900.00 under the provisions of R. S. 1930, Chap. 13, Sec. 14.

The defendant claims, however, that the boat was a "sailing vessel" as that term is used in R. S. 1930, Chap. 13, Sec. 29, and that it should have been taxed at an appraised value of $3.00 a ton as therein provided. This section reads as follows:

"All sailing vessels and barges registered or enrolled under the laws of the United States or foreign governments, owned wholly or in part by inhabitants of this state, shall be taxed upon an appraised value of twenty dollars a ton, gross tonnage, for new vessels and barges completed on or before the first day of April of each year. Vessels or barges one year old or more shall be reduced in value at the rate of one dollar a ton a year for each additional year of age, until they shall have reached the age of seventeen years, at and after which time said vessels and barges shall be taxed upon an appraised value of three dollars a ton, gross tonnage. The provisions of this section shall not apply to steam barges."

We are aware that in many instances the word "vessel" has been used in its generic sense and has been construed to include practically all craft used in navigation larger than open boats propelled by oars or paddles. For example, a motor boat used for pleasure has been held to be a vessel within the meaning of the federal statute (46 U. S. C. A., Sec. 183) limiting the liability of the owner of a vessel. *Warnken* v. *Moody*, 22 F. (2d), 960. It has also been held in Massachusetts that a pleasure yacht seventy-one feet long and of twenty-two tons burden is a "ship" or "vessel" and taxable as such to its owner in the town where he is an inhabitant. *Barker* v. *Inhabitants of Fairhaven*, 265 Mass., 333, 163 N. E., 901. There are other cases of similar import.

But in considering the statute claimed by the defendant to be applicable here we must give heed to conditions which existed at the time of its enactment and to the end which the legislature sought to gain in providing a special method for the taxation of "sailing vessels."

Furthermore, it is apparent that the statute does not include within its terms all vessels. The word is not used in its broadest sense. The statute applies only to "sailing vessels and barges." The boat here in question was certainly not a barge nor was it, though propelled with sails, what is commonly known as a sailing vessel. A sailing vessel was a rather well-known object in our harbors a generation ago, and to the seafaring men of our coast was a craft quite different from the pleasure boats which now gaily pursue their way under summer skies and gentle breezes.

A reading of our statutes indicates that the word "vessel" is often used in a specific and not in a generic sense. For example, in describing the offense of cutting loose or injuring boats the legislature uses the words "any vessel, gondola, scow or other boat." R. S. 1930, Chap. 139, Sec. 14. R. S. 1930, Chap. 139, Sec. 15, as amended, provides a penalty for mooring "a vessel, boat, scow, etc." to any buoy or beacon. There are other similar examples, and in other instances it is apparent that the word "vessel" is used in its broadest sense.

Most important of all, however, is the fact that in the statute under which the tax in question purports to have been laid providing for the taxation of personal property to the owner in the town where he is an inhabitant on April 1 (R. S. 1930, Chap. 13, Sec. 14) there is an exception (Sec. 15, Par. II) of yachts and pleasure vessels owned by non-residents, which under the provisions of the statute are taxed to the owners in the place where such property is on April 1 of each year. What is the purpose of the exception in Section 15 if it was not the intention to tax "yachts and pleasure vessels" under the provisions of Section 14?

We are satisfied that the defendant was not entitled to have this boat assessed under the provisions of R. S. 1930, Chap. 13, Sec. 29, as a "sailing vessel."

This conclusion renders it unnecessary to consider the other claims made by the plaintiff in its brief. In accordance with the stipulation judgment is to be entered for the plaintiff in the sum of $118.73 with interest from July 1, 1935 on the sum of $70.13, and interest from August 1, 1936 on the sum of $48.60.

*So ordered.*